Nov. Term,<br>1853.<br>—————<br>CRUTZ<br>v.<br>THE STATE.

CRUTZ *v.* THE STATE.

A formal statement that an indictment was found by the authority of the state, is not necessary, if it appear from the record that the prosecution was in the name of the state.

At the *June* term, 1851, of the board of commissioners of *Switzerland* county, on the petition of twenty-four freeholders of *York* township in that county, it was ordered that one *C.* should have license to retail spirituous liquor in *Florence,* in said township, for one year, upon his paying 15 dollars into the county treasury, and giving bond, &c. *C.* accordingly paid the treasurer that sum and presented to the board the treasurer's receipt therefor, and also a bond in the penalty prescribed, with sufficient surety, conditioned according to the statute; and thereupon moved for the approval of the bond; but the board overruled the motion, on the ground that they had reconsidered and set aside the order granting license, and had ordered that said sum paid by *C.* to the treasurer should be refunded. *Held,* that the order of the board was inoperative, without an approval of the bond, and gave *C.* no authority to retail. *Held,* also, that the board had power to set aside the order granting the license, at any time before the approval of the bond.

ERROR to the *Switzerland* Circuit Court.

DAVISON, J.—Indictment for retailing spirituous liquor without license. Plea, not guilty. Verdict for the state. Motions to set aside the verdict and for a new trial overruled, and judgment on the verdict.

Upon the trial, the defendant below produced the record of the board of commissioners of *Switzerland* county, showing that at the *June* term of said board, in the year 1851, on the petition of twenty-four freeholders of *York* township, in said county, it was ordered that the defendant should have license to retail, &c., in *Florence*, in said township, for one year, &c., upon his paying 15 dollars into the county treasury, and giving bond, &c. The defendant also gave in evidence a receipt from the treasurer of said county for the payment of said 15 dollars, and a bond in the penalty of 500 dollars, with sufficient security, conditioned as the statute in such case provides. The record of said board further shows, that on the same day the order for license was made, the defendant produced to the board said receipt and bond, and thereupon moved for the approval of the bond. The commissioners overruled the motion on the ground that they had reconsidered and set aside the order granting the license, and had ordered that the money paid by the defendant to the treasurer should be refunded. It appears that the order was set aside on the motion of one *John Dumont;* that the defendant was present when the motion to set aside, &c., was made, and tendered the receipt and bond to the board after he was notified of the motion. *Dumont* was not a resident of said township, nor did any one employ or request him to make said motion. It was shown that the voters of *York* township had by vote, at the spring election, 1851, decided in favor of granting license to retail, &c.; and it was proved that the defendant sold spirituous liquor as charged in the indictment.

Upon the close of the evidence, the defendant moved the Court to instruct the jury as follows:

1. That to justify the defendant it is not absolutely necessary that there should be a written or printed paper

signed by any one; but the grant of a proper authority to a person to do a lawful act, is a license in contemplation of law.

2. If the defendant has presented to the board of commissioners a proper petition, and has obtained a grant to retail, &c., and has paid the amount charged to the county treasurer, that grant amounts to a license.

3. If the jury believe that the township of *York*, where the defendant resides, voted for license, and *John Dumont* was not a citizen of said township, he had no interest in the defendant's application, and had no legal right to make objection to the granting of license to the defendant, nor was the defendant bound to notice such objection.

4. That when the board had granted the defendant the privilege of retailing, &c., and he had accepted the grant, paid for it and tendered a good deed, it was a contract which neither party was at liberty to revoke.

These instructions the Court refused, and charged the jury as follows:

1. If the defendant sold spirituous liquor by a less quantity than a quart at a time, as charged, they should find him guilty, unless he has proved that he had a license to do so.

2. The commissioners had a legal right to set aside the first order made by them, at any time during the term when it was made; and having so set it aside, it stood as though it had not been approved, and no license had been granted for any cause. His previous application to the board is no justification or defence. The jury should presume that the defendant knew the law.

It is contended that the judgment should have been arrested for this reason, viz., the indictment does not charge that it was found "in the name and by the authority of the state."

This is a mistake. "A formal statement that an indictment was found by the authority of the state, is not necessary, if it appear from the record that the prosecution was in the name of the state." Wharton's Crim.

Nov. Term,
1853.
———
CRUTZ
v.
THE STATE.

Nov. Term, 1853.

Law, 101. The record before us shows that the state is a party, and that the prosecution was carried on in her name and by her authority. This, we think, sufficiently meets the requirements of the constitution, without any specific allegation in the indictment to that effect. R. S. 1852, vol. 1, p. 61.

But the question on which the decision of this case mainly turns is this: Was the defendant, at the time of the alleged offence, licensed to retail, &c.?

No written or printed license was ever issued in his favor; but he contends that under the facts presented by the record, the first order amounted to a license. This view is not correct. The commissioners refused to approve his bond. Without such approval the order was inoperative, and gave him no authority to retail. R. S. 1838, pp. 581, 582, ss. 2 and 5.—R. S. 1843, c. 50, s. 15. But the order granting the license was set aside. This, the board had power to do at any time before the bond was approved. Therefore, the defence set up constituted no bar to the prosecution.

The Court, in our opinion, charged the jury correctly, and committed no error by refusing the instructions moved by the defendant.

*Per Curiam.*—The judgment is affirmed with costs.

*J. G. Marshall* and *D. Kelso*, for the plaintiff.

*R. A. Riley*, *N. B. Taylor* and *J. Coburn*, for the state.